**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4580**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EARL SPENCER BOYCE, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (1:06-cr-00020)

———————

Submitted:  January 11, 2008        Decided:  February 4, 2008

———————

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Aaron E. Michel, Charlotte, North Carolina, for Appellant.
Gretchen C. F. Shappert, United States Attorney, Charlotte, North
Carolina, Amy E. Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Earl Spencer Boyce, Jr., pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Boyce to ninety-six months' imprisonment, at the top of the properly calculated sentencing guidelines range. Boyce timely appealed, challenging only his sentence. He claims his trial counsel rendered ineffective assistance in failing to advise him of his speedy trial rights between his guilty plea and sentencing hearings[*] and in failing to object to the Government's decision not to move for a downward departure under U.S. Sentencing Guidelines Manual § 5K1.1 based on his assistance to the Government. We affirm.

To establish a violation of the Sixth Amendment owing to ineffective assistance of counsel, Boyce must demonstrate trial counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability he was prejudiced by counsel's unprofessional errors. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). However, we may address

---

[*]Boyce's guilty plea hearing occurred in March 2006, and he was sentenced in June 2007. In the interim, Boyce moved for substitution of counsel, claiming trial counsel was uncommunicative. A magistrate judge denied the motion, finding trial counsel had not visited Boyce to discuss sentencing because a presentence report had yet to be submitted; however, the magistrate judge found trial counsel had discussed other matters with Boyce.

ineffective assistance of counsel claims on direct appeal only if the ineffectiveness appears conclusively on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

Because trial counsel's ineffectiveness does not appear conclusively on the face of the record, we conclude Boyce's claims are not cognizable on direct appeal; these claims should be raised, if at all, in a motion pursuant to 28 U.S.C. § 2255 (2000). As ineffective assistance is the sole issue raised on appeal, we affirm Boyce's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED